# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 9, 2013

## JEFFERY GAYLON DOUGLAS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-11-149    Donald H. Allen, Judge**

**No. W2012-00012-CCA-R3-PC  -  Filed April 9, 2013**

The Petitioner, Jeffery Gaylon Douglas, filed a petition for post-conviction relief attacking his convictions for rape and sexual battery on the basis of ineffective assistance of trial counsel.  The post-conviction court denied relief following an evidentiary hearing, finding that the Petitioner had failed to prove his allegations by clear and convincing evidence.  In this appeal as of right, the Petitioner contends that trial counsel was ineffective by improperly advising him to testify at his trial.  After our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Jeffery Gaylon Douglas.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. ("Jerry") Woodall, District Attorney General; and Beth C. Hall, Assistant District Attorney General Pro Tem, for the appellee, State of Tennessee.

## OPINION
### FACTUAL BACKGROUND

In February 2010, a Madison County jury found the Petitioner guilty of rape and sexual battery of the thirteen-year-old victim.  The trial court sentenced the Petitioner to concurrent terms of ten and two years, respectively.  A detailed summary of the evidence establishing the crimes can be read in this court's opinion on direct appeal.  See State v. Jeffrey Gaylon Douglas, No. W2010-00986-CCA-R3-CD, 2011 WL 915052, at *1-3 (Tenn. Crim. App. Mar. 16, 2011), perm. app. denied, (Tenn. May 25, 2011).  On direct appeal, the

Petitioner challenged the sufficiency of the convicting evidence; this court affirmed. Id. Thereafter, our supreme court denied the Petitioner's application for permission to appeal.

The Petitioner then filed a pro se petition for post-conviction relief on June 3, 2011, alleging multiple, ambiguous claims for relief, including that he was denied the effective assistance of counsel at trial. The pro se petitioner filed an amended petition for post-conviction relief, basing his claim of ineffective assistance on trial counsel's failure to "investigate and call witnesses that supported the [P]etitioner[']s version of events[.]" As specific allegations of this claim, the Petitioner stated the following: (1) that he gave trial counsel the names and addresses of potential witnesses, but trial counsel nevertheless failed to investigate or question these witnesses; (2) that trial counsel failed to challenge in any way the introduction of false testimony during trial; (3) that trial counsel failed to properly impeach the State's witnesses by using information supplied by the Petitioner; and (4) that trial counsel failed to adequately investigate information provided by the Petitioner. Post-conviction counsel was thereafter appointed to represent the Petitioner.[1]

A hearing was held in the post-conviction court, at which only the Petitioner and trial counsel testified.[2] Trial counsel recalled the facts of the case as follows: the thirteen-year-old victim was spending the night at the Petitioner's house with the Petitioner's step-daughter when, according to the victim, the Petitioner came into the room while they were sleeping and touched her inappropriately. The victim said it happened once, then the Petitioner left the room returning several minutes later, and it happened again. The victim alleged that the Petitioner had touched her rear end and her vagina. The State's case included the testimony of the victim; Ralph Turner, the boyfriend of the victim's mother, who confronted the Petitioner that morning after the victim returned home and reported the abuse; and the doctor who examined the victim, finding no signs of trauma to the genitals.

Trial counsel said that he believed "it was a legitimate defense that there was no scientific proof backing up what the [victim] said[.]" Trial counsel confirmed that the Petitioner testified in his own defense and that he explained "the ups and downs" of testifying to the Petitioner. Trial counsel recalled that the Petitioner did not have a criminal record and opined that the Petitioner "was a good witness[.]" The Petitioner's proof at trial consisted of the Petitioner's testimony and testimony from his wife and step-daughter, who

---

[1] Post-conviction counsel filed a written notice that no amended petition would be filed on the Petitioner's behalf.

[2] Although the Petitioner's amended petition for post-conviction relief raises several grounds of ineffective assistance, his brief before this court is limited to a single allegation: that the trial court improperly advised him to testify on his own behalf at trial. Because the Petitioner has abandoned his other claims for relief on appeal, we will limit our recount to the facts relevant to the single issue of ineffective assistance presented.

were both at the house that morning. "[L]ooking back[,]" trial counsel did not believe that he would have done anything differently in this case concerning the Petitioner's defense.

On cross-examination, trial counsel elaborated that there "was also another layer to the defense" which included possible motivation of the witnesses to lie. Trial counsel said:

> That [the Petitioner] had testified in a case in juvenile court involving [the victim's] older brother. [The victim's] older brother I think a year or two before had attacked either [the Petitioner's] stepson or a male relative with an ax or something. It was very serious and [the victim's] family was very upset with him for doing that because I think the young man had been committed to D.C.S. custody at least partially based on that.

According to trial counsel, he was able to develop this evidence at trial on cross-examination of the State's witnesses and through the Petitioner's proof.

Discussing the Petitioner's testimony, trial counsel agreed that by testifying, the Petitioner placed "himself in the room with [the victim], touching her to wake her up[.]" According to trial counsel, the Petitioner was advised of his rights prior to his testimony. Trial counsel also called a character witness on the Petitioner's behalf at trial, a business man who had known the Petitioner for approximately seventeen years. The character witness testified that the Petitioner was truthful and honest. In the end, it was "just two versions of the [same] story" for the jury's determination.

On redirect examination, trial counsel was asked if, in hindsight, there was "a better chance of acquittal had [the Petitioner] not testified." The following exchange then occurred:

> A. I guess it's possible. That's always I tell people the toughest decision because no matter which way it goes, if it goes badly no matter which decision, it could be --
>
> Q. Well, it sounds like or it seems like that the State's proof was sort of making it's defense for you as it was presented?
>
> A. To a certain degree, yes.
>
> Q. And then when [the Petitioner] testified, it seems like that he put himself in the room which could have made a --

A. That could be. You know, in hindsight it may have been better just to have the other witnesses and let him not take the stand.

Trial counsel reiterated that "as always[,] it was [the Petitioner's] decision to take the stand and testify." Moreover, the Petitioner "wanted to testify" as trial counsel recalled, and trial counsel believed "he should testify as well."

On recross-examination, trial counsel stated that the trial judge in this case "[g]enerally . . . does tell every defendant to make sure it is their decision to testify and they are not being forced or prevented in some way." Trial counsel confirmed that he advised the Petitioner with regard "to help him make" that decision.

The Petitioner testified that he discussed trial strategy with trial counsel prior to making his decision to testify on his own behalf. The Petitioner confirmed that trial counsel recommended he testify because "basically [trial counsel] thought it would look better on [the Petitioner's] part." According to the Petitioner, he did not tell trial counsel he wanted to testify, only asking trial counsel what he thought about whether the Petitioner should testify or not. The Petitioner agreed that the trial judge "went over some rules about testifying or not testifying" with him, but he recalled "[v]ery little of it[.]" He could not remember if trial counsel told him it was ultimately his choice to testify.

On cross-examination, the Petitioner recalled that, during his trial testimony, he was able to testify about the prior incident with the victim's family, thus, establishing a possible motive for the victim and her family to fabricate these allegations. He stated that he could not "speculate" on whether he understood that it was his choice, and his alone, to testify in his own defense. He agreed that the trial judge explained his rights to him prior to testifying and acknowledged that he had a high school education.

Following the conclusion of proof, post-conviction counsel argued in support of the petition:

I'm of the opinion I guess that [trial counsel] is looking at hindsight to try to figure these things out, but in this particular case with no scientific evidence and with a multilevel defense so to speak before he takes the stand, I just think that he should have been advised not to testify and we are asking the [c]ourt to grant the petition.

The State countered that the Petitioner had not met his burden of proof.

After taking the matter under advisement, the post-conviction court sent a letter to the parties setting out its findings. A formal order, incorporating by reference the previous letter, was filed on February 3, 2012. This appeal followed.

ANALYSIS

On appeal to this court, the Petitioner contends that trial counsel failed to provide the effective assistance of counsel guaranteed him by the United States and Tennessee constitutions at trial. He has argued only a single ground of ineffective assistance, providing that his "main concern" is that trial counsel "persuaded him to testify in this matter when it would have prudent for him not to testify."

Petitions for post-conviction relief are governed by the Post-Conviction Procedure Act. Tenn. Code Ann. §§ 40-30-101 to -122. To obtain relief, the petitioner must show that his conviction or sentence is void or voidable because of the abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103. The petitioner must prove his factual allegations supporting the grounds for relief contained in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(2)(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is clear and convincing when there is no substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

The post-conviction court's findings of fact are conclusive on appeal unless the evidence in the record preponderates against them. See State v. Nichols, 90 S.W.3d 576, 586 (Tenn. 2002) (citing State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999)); see also Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). The petitioner has the burden of establishing that the evidence preponderates against the post-conviction court's findings. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). This court may not re-weigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Nichols, 90 S.W.3d at 586. Furthermore, the credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the post-conviction court. Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

Ineffective assistance of counsel claims are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001). Thus, the post-conviction court's findings of fact underlying a claim of ineffective assistance of counsel are reviewed under a de novo standard, accompanied with a presumption that the findings are correct unless the preponderance of the evidence is otherwise. Fields, 40 S.W.3d at 458 (citing Tenn. R. App. P. 13(d)). The post-conviction court's conclusions of law are reviewed under a de novo standard with no presumption of correctness. Id.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland, 466 U.S. at 687; see Lockart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance was deficient is not enough; rather, the petitioner must also show that but for counsel's deficient performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has also been applied to the right to counsel under Article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. See Henley, 960 S.W.2d at 580. The performance prong requires a petitioner raising a claim of ineffectiveness to show that counsel's representation fell below an objective standard of reasonableness or was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. The prejudice prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability means a probability sufficient to undermine confidence in the outcome." Id. Failure to satisfy either prong results in the denial of relief. Id. at 697.

Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. Strickland, 466 U.S. at 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. "Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

The Petitioner contends that trial counsel's advice to him to testify in his own defense amounted to deficient performance resulting in prejudice. The post-conviction court found that the Petitioner received the effective assistance of counsel at trial, and we agree.

Prior to the Petitioner testifying in own defense at trial, the trial court advised him as follows:

THE COURT: [The Petitioner], you have the right to testify here in your own behalf this afternoon, okay? And, of course, you also have the right to choose not to testify, okay? And that will be your decision about whether or not you should or should not testify. You understand that?

THE [PETITIONER]: Yes, sir.

THE COURT: Of course, [trial counsel] can give you his advice and his opinion about things, but ultimately you're the one who'll make the decision about whether or not you want to testify. You understand that?

THE [PETITIONER]: Yes, sir.

The Petitioner then chose to testify.

At the post-conviction hearing, trial counsel testified that he explained the advantages and disadvantages to the Petitioner of testifying. The Petitioner did not have a prior criminal record, and trial counsel believed the Petitioner would make a "good witness[.]" The proof at trial was "just two versions of the [same] story[,]" and the Petitioner was able to present his side of the story through his testimony and establish a motive for the victims to lie. Indeed, both the Petitioner and trial counsel specifically testified that the Petitioner was informed by the trial court of his rights regarding his decision to testify. According to trial counsel, "as always[,] it was [the Petitioner's] decision to take the stand and testify." Moreover, trial counsel stated that the Petitioner "wanted to testify" in his own defense.

It is apparent from the record that Petitioner understood that the decision to testify was his decision and that he made that decision with the help of trial counsel's advice. The Petitioner's argument is essentially that trial counsel's advice was uninformed and erroneous. However, it appears to have been a strategic decision formed in furtherance of the defense, which was explained to the Petitioner prior to his making his decision to testify. As previously noted, this court will not allow hindsight to color its analysis nor will we second-guess a reasonably based trial strategy. The Petitioner has failed to establish any deficiency by trial counsel. See, e.g., Reginald Webb v. State, No. W2000-01895-CCA-R3-PC, 2001 WL 1011660, at *1 (Tenn. Crim. App. Aug. 27, 2001) (attorney's advice to testify was not deficient performance). The advice given to the Petitioner about testifying was proper and within the range of competency demanded by an attorney in a criminal case. Accordingly, we conclude that there is nothing in the record to preponderate against the post-conviction court's finding that trial counsel provided effective assistance.

## CONCLUSION

The Petitioner has failed to prove by clear and convincing evidence that he received the ineffective assistance of counsel at trial. We, therefore, affirm the judgment of the post-conviction court denying relief.

_____
D. KELLY THOMAS, JR., JUDGE